UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BIBLE BELIEVERS,

    Plaintiff,                                      Case No. 12-cv-14236

v.                                                  HONORABLE STEPHEN J. MURPHY, III

WAYNE COUNTY, et al.,

    Defendants.
_____/

**ORDER ADOPTING MASTER'S REPORT** (document no. 62), **DENYING
PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER** (document no. 58)
**AND OVERRULING IN PART PLAINTIFF'S MOTION** (document no. 64)

The Court has reviewed the recent filings and will **ADOPT** the Discovery Master's Report (document no. 62). The Court will **DENY** the Plaintiff's motion for a protective order (document no. 58), except with respect to document request number 7, for the reasons explained in the Master's Report. *See* Report 16, ECF No. 62. In the County's motion, it disputes the Court's earlier decisions regarding the scope of discovery moving forward. The Court heard the County's argument at its February 22, 2016 hearing, and rejected the arguments at that time. As the Court made clear at the hearing, it intends to issue a ruling on the merits regarding municipal liability. If anything, the County's arguments regarding the law of the case and the mandate rule tempt the Court to vacate its earlier ruling granting the County's motion for relief, and enter judgment in favor of the Plaintiffs.

The Plaintiffs filed a Motion to Adopt the Discovery Master's Report and Recommendation to Deny Defendant's Motion for Protective Order and Objection to the Discovery Master's Report and Recommendation to Deny Plaintiffs' Request for Sanctions, ECF No. 64. To the extent the Motion objects to the Discovery Master's finding on sanctions, it is **OVERRULED**.

Finally, Wayne County contends that allowing the development of a full factual record and a merit based ruling will result in a "pyrrhic victory" for the County. It is concerned that the litigation costs, and the exposure to greater attorney's fees under 42 U.S.C. § 1988, is a worse result than if the Court had entered judgment in favor of the Bible Believers. Obj. 21, ECF No. 63 ("In other words, as Francis Bacon stated, 'The remedy is worse than the disease.'"). At the outset, the Court is not concerned with which party wins the case, or if the County's victory is pyrrhic; rather, the Court is attempting to make a legally sound, factually correct determination of whether Wayne County is legally responsible for the expulsion of the Bible Believers from the festival. If continued litigation is worse than a negative judgment, then the County — which asked the Court to reopen the municipal liability issue in the first place — should strongly consider mediation. A settlement would mitigate the ever-increasing costs associated with litigation. Furthermore, considering the unique posture of the case and the challenging legal issues, neither party should be confident that they will win on appeal. The parties should therefore file a joint status report by May 6 stating whether they consent to mediation with Judge Fred Mester. If the parties agree to mediation, the Court will stay discovery until mediation is complete.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: April 28, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 28, 2016, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager

2